IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-52-BO

| | | |
|---|---|---|
| STEVEN WAYNE THOMAS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| R.V. HOLLY, et al., | ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court on Lee County Sheriff Tracy Carter's Partial Motion to Dismiss (DE # 16) and the several deputy sheriffs' Partial Motion to Dismiss (DE # 20). For the reasons set forth herein, the Motions are GRANTED.

## INTRODUCTION

Plaintiff Steven Wayne Thomas alleges that on April 27, 2009, he became disoriented as a result of exposure to chemicals that he was applying to his tobacco fields in Lee County, North Carolina. While en route to receive medical care, the police were called in response to Plaintiff's erratic behavior. Plaintiff alleges that the several Lee County deputy sheriffs that responded to the call used excessive force causing Plaintiff serious injuries. Plaintiff further alleges that his confinement after arrest did not conform to the Magistrate's commitment order.

Defendant Tracy Carter, the Lee County Sheriff, filed a Partial Motion to Dismiss on March 15, 2010. Plaintiff responded on March 31, 2010, and Sheriff Carter replied on April 9, 2010. Several deputy sheriffs also filed a Partial Motion to Dismiss on March 15, 2010. These

Motions are now ripe for ruling.

## DISCUSSION

Sheriff Carter moves to dismiss only Plaintiff's twenty-eighth cause of action for violations of N.C. Gen. Stat. § 15A-521. Section 15A-521 provides that when an individual is committed to a detention facility pending trial, the order of commitment must designate the place of confinement and "must be delivered to a law-enforcement officer, who must deliver the order and the prisoner to the detention facility named therein." Plaintiff alleges he was transferred to Central Prison rather than being delivered to the Lee County Jail and being allowed to post bond as set forth in the Magistrate's order.

The Motion to Dismiss argues that no private cause of action exists for violations of § 15A-521. "[North Carolina] case law generally holds that a statute allows for a private cause of action only where the legislature has expressly provided a private cause of action within the statute." *Lea v. Grier*, 577 S.E.2d 411, 415 (N.C. App. 2003) (quoting *Vanasek v. Duke Power Co.*, 511 S.E.2d 41, 44 (N.C. App. 1999)). But a cause of action may exist where the statute at issue "enunciate[s] an explicit or implicit intent on the part of the General Assembly to create a statutory protection." *Id.* at 416.

Because no express cause of action is provided for violations of § 15A-521, this Court must determine whether an implied cause of action exists. In *Sugar Creek Charter School, Inc. v. Charlotte-Mecklenburg Board of Educ.*, 673 S.E. 2d 667 (N.C. App. 2009), the North Carolina Court of Appeals held that N.C. Gen.Stat. § 115C-238.29H - requiring that "the local school administrative unit in which the child resides shall transfer to the charter school an amount equal to the per pupil local current expense" - implied a private cause of action. The Court reasoned

that "the General Assembly intended that charter school children have access to the same level of funding as children attending the regular public schools of this State. The language of § 115C-238.29H(b) is 'unambiguous, direct, imperative and mandatory.'" *Sugar Creek Charter School*, 673 S.E.2d at 674 (quoting *Williams v. Alexander County Bd. of Educ.*, 495 S.E.2d 406, 409 (N.C. App. 1998). Similarly, in *Williams v. Alexander County Bd. of Educ.*, 495 S.E.2d 406, 409 (N.C. App. 1998), the North Carolina Court of Appeals found that § 15C-363 (1991) (repealed 1992) requiring specific payments to teachers participating in the Effective Teaching Training Program created a private right of action for teachers. The Court reasoned that the General Assembly intended "to create statutory protection for teachers." *Id.* By contrast, in *Lea v. Grier*, 577 S.E.2d 411 (N.C. App. 2003), the North Carolina Court of Appeals found that Sections 115C-84.2 and 115C-301.1 setting forth the school calendar and duty-free instruction planning time for teachers did not give rise to a private right of action for teachers where the North Carolina General Assembly amended the school calendar to take into account days lost to Hurricane Floyd.

Although the North Carolina Courts have yet to directly address whether a private action may be maintained for violations of § 15A-521, this Court finds that no implied cause of action exists. Plaintiff argues that the provision requiring confinement consistent with the Magistrate's order is "unambiguous, direct, imperative and mandatory." But mandatory action alone is not sufficient to imply a private cause of action. Indeed, legislation is most often mandatory, yet an implied private cause of action is generally not recognized. *Sugar Creek Charter School* recognized an implicit cause of action where a legislative mandate was designed to protect schoolchildren, and *Williams* recognized an implicit cause of action where the mandate was

designed to protect teachers. Section 15A-521 does not create a property right or indicate the General Assembly's intent to allow an action for damages by prisoners. Rather, although the North Carolina Courts have not directly addressed this question, it appears that the General Assembly intended § 15A-521 to govern the administration of commitment pending trial. Therefore, this Court concludes that no private cause of action exists under § 15A-521. Accordingly, the Motion do Dismiss is GRANTED with respect to Plaintiff's claims for violations of § 15A-521.

The Lee County Sheriffs Deputies named in the Complaint - Justin Matthews, R.V. Holly, C.B. Estes, Pablo Mora, Bill Marcum, Darin Smith, Mark Melton, M.D. Smith, Bryan Allen and Don Lloyd - move to dismiss only Plaintiffs' claims against them in their official capacities on the grounds that such claims are redundant. Suits against officers acting in their official capacities "represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690 n. 55 (1978). In North Carolina, the office of sheriff is a legally distinct entity. *Worrell v. Bedsole*, 1997 WL 153830, *5 (4th Cir. Apr. 3, 1997). And deputy sheriffs are employees of the sheriff. *See Peele v. Provident Mut. Life Ins. Co.*, 368 S.E.2d 892, 894, *rev. denied*, 373 S.E.2d 547 (1988). Thus, Plaintiffs' official capacity claims against the deputy sheriffs are claims against the Sheriff. Because Sheriff Carter is already a named Defendant in both his individual and official capacity, Plaintiff's official capacity claims against the deputies are redundant and unnecessary to the relief sought. Accordingly, these claims shall be dismissed.

## CONCLUSION

Therefore, Lee County Sheriff Tracy Carter's Partial Motion to Dismiss and the several

sheriff's deputies' Partial Motion to Dismiss are GRANTED. Plaintiff's claims for violations of N.C. Gen. Stat. § 15A-521 and Plaintiff's official capacity claims against the deputy sheriffs are hereby DISMISSED. Plaintiff's remaining claims may proceed.

SO ORDERED, this 2nd day of August, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE