IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-52-BO

| | | |
|---|---|---|
| STEVEN WAYNE THOMAS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CLINT BABB and C.B. ESTES, | ) | |
|     Defendants. | ) | |

This cause comes before the Court on defendants' motion to separate immunity, liability, and damages issues at trial and motion to use special interrogatories to resolve factual issues bearing on defendants' entitlement to qualified immunity. Also pending are defendants' motion in limine to preclude plaintiff from attempting to pursue at trial any claim based on the contention that plaintiff was tasered after being handcuffed and defendants' unopposed motion to change venue of the trial in this matter.

## BACKGROUND

This 42 U.S.C. § 1983 action involves allegations of excessive force by defendants against plaintiff. By opinion entered July 17, 2013, the Fourth Circuit Court of Appeals affirmed in part and vacated and remanded in part this Court's order denying summary judgment for all defendants. Now before this Court for trial are plaintiff's claims against defendants Detective Babb and Deputy Estes. Defendants Babb and Estes assert claims for qualified immunity and public officer immunity. Trial is currently set for June 2, 2015, at 10:00 a.m. at Elizabeth City, North Carolina.

## **DISCUSSION**

I. SEPARATE ISSUES AT TRIAL

Defendants request that the Court separate the issues of immunity, liability, and damages at trial. Federal Rule of Civil Procedure 42(b) permits a court, for convenience, to avoid prejudice, or to expedite and economize, to separate issues to be presented at trial. "[T]he granting of separate trials is within the sound discretion of the trial judge." *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953). "Bifurcation is the exception; not the rule," *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 418 F. Supp. 2d 380, 382 (S.D.N.Y. 2005), and the burden is on the party requesting separate trials to convince a court to allow them. *F & G Scrolling Mouse, L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 387 (M.D.N.C. 1999).

The Court, in its discretion, is unpersuaded that trifurcation of the issues in this matter would serve to expedite, economize, or avoid prejudice. As defendants have themselves noted, if the issues are separated, some evidence related to damages would necessarily need to be presented during the liability phase, resulting in overlapping evidence and potential confusion of the jurors. While the question of whether defendants are entitled to immunity under the facts found by the jury is a question of law reserved for the Court, *Willingham v. Crooke*, 412 F.3d 553, 559 (4th Cir. 2005), such requirement in no way compels the need for bi-or-trifurcation of the issues. *See also Scarbro v. New Hanover Cnty.*, No. 7:03-CV-244-FL, 2011 WL 2550969, at *2 (E.D.N.C. June 27, 2011). Indeed, proceeding in the manner suggested by defendants – with three trial phases, each consisting of separate issues and findings by the jury and/or the Court – would seem in this instance to create a scenario ripe for confusion and resulting prejudice to either defendants or plaintiff, or both. Defendants' concern about the potential for inconsistent verdicts is misplaced, as Rule 49(b) of the Federal Rules of Civil Procedure specifically outlines

2

the procedure to be followed when the jury returns answers to written questions which are inconsistent with the verdict or answers to written questions which are inconsistent with each other and the verdict. Fed. R. Civ. P. 49(b)(3)-(4).

While defendants rely heavily on another case from this district in which the court found separation of the issues to be appropriate, *Cooper v. Brunswick County Sheriff's Department*, 7:10-CV-14-D (E.D.N.C.) (Dever, J.), "the actual decision reached in [other] cases is of limited value because only the specific facts and circumstances of the case before the court can provide the answer to the question of whether the advantages of bifurcation outweigh the disadvantages." *F & G Scrolling Mouse*, 190 F.R.D. at 387. Defendants have simply not satisfied their burden to show that separation of the issues will promote greater convenience and economy in this matter and will not result in any undue prejudice to any party. The Court therefore in its discretion denies defendants' request.

II. SPECIAL INTERROGATORIES

Defendants next seek to use special interrogatories to resolve factual issues bearing on defendants' entitlement to qualified immunity. Plaintiff does not dispute that the Court may need to submit special interrogatories to the jury for the jury to answer disputed factual questions so that the Court can decide whether defendants are entitled to qualified immunity, but plaintiff contends that this motion is premature and that the special interrogatories suggested by defendants do not accurately state the law.

The Court agrees that the motion to use special interrogatories is premature, as there may be additional factual disputes that arise or anticipated factual disputes that do not arise at trial. Accordingly, the Court denies defendants' motion without prejudice, and it will consider a request to use special interrogatories again at the appropriate time during the trial.

3

III. MOTION IN LIMINE

The Court will reserve its ruling on defendants' motion in limine until trial.

IV. MOTION REQUESTING CHANGE OF VENUE OF TRIAL

Defendants request a change of venue of trial from the United States District Courthouse in Elizabeth City to the United States District Courthouse in Raleigh. 28 U.S.C. § 113 provides that North Carolina is divided into three judicial districts, and that "Court for the Eastern District shall be held at Elizabeth City, Fayetteville, Greenville, New Bern, Raleigh, Wilmington, and Wilson." "The court may exercise discretion to designate one of the statutory locations as a place of trial, even though the case was filed in another location." *Matthews v. N. Slope Borough*, 646 F. Supp. 943, 945 (D. Alaska 1986) (citing *El Ranco, Inc. v. First Nat. Bank of Nev.*, 406 F.2d 1205, 1219 (9th Cir. 1968) ("court manifestly had the power" designate the location of trial at any location within the district). Moreover, "[a] transfer from one place of session to another within the district is not a change of venue." *United States v. Sutherland*, 214 F. 320, 323 (W.D. Va. 1914). Defendants' request is denied.

## **CONCLUSION**

For the foregoing reasons, defendants' motion to separate issues for trial [DE 141] is DENIED, defendants' motion to use special interrogatories [DE 143] is DENIED WITHOUT PREJUDICE, and defendants' motion to change venue of the trial [DE 164] is DENIED. The Court will reserve its ruling on defendants' motion in limine [DE 156] until trial.

SO ORDERED, this 19 day of March, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE